IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE TURNER, #00892273, §§§ Petitioner, § | |
| v. § | No. 3:23-cv-01166-B (BT) |
| USA, §§§ Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Bruce Turner, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. His handwritten petition consists of only a few sentences and is not signed. Turner also failed to pay the filing fee or file a motion to proceed *in forma pauperis*. Accordingly, on May 23, 2023, the Court sent Turner a Notice of Deficiency and Order (ECF No. 5), which ordered him (i) to file a signed petition that is supported by facts and on the court-approved form, and (ii) to pay the filing fee or file a motion to proceed *in forma pauperis*. The Order further informed Turner that failure to respond and cure the deficiencies by June 23, could result in a recommendation that his case be dismissed. Turner has not filed any response, he has not paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with the Court's May 23 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Turner failed to file a signed petition that is supported by facts and on the court-approved form. He also failed to pay the filing fee or file a motion to proceed *in forma pauperis*. This litigation cannot proceed until Turner cures these deficiencies.

Turner's petition is very brief. It consists of only two handwritten pages and a few sentences. Turner states that he was in federal custody from February 5, 2020 to December 22, 2022, and he contends that he is entitled to credit for "his flat time" during that period. Pet. 1 (ECF No. 4). Without further explanation, he offers his apologies and asks for credit for the "flat time" or for the Court to "give [him] counsel to straighten out this mistake." *Id.* at 3. But the Court cannot perform its judicial screening function on

Turner's unsigned, conclusory submission. Turner must file a signed petition that is supported by facts.

Turner has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Turner's petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 28, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.